[Civil No. 2355.    Filed July 23, 1925.]

[238 Pac. 390.]

ADA M. JOSLIN, Executrix of the Estate of CHARLES T. JOSLIN, Deceased, Appellant, v. FRANK R. STEWART, Appellee.

1. SPECIFIC PERFORMANCE — SPECIFIC PERFORMANCE MAY BE EXACTED FROM ADMINISTRATOR, NOTWITHSTANDING HIS OBJECTIONS—"DOUBT- FUL."—In view of Civil Code of 1913, paragraph 980, contract of deceased may be specifically enforced against administrator, not- withstanding latter contests enforcement, and paragraph 982 pre- cludes such relief where petitioner's right is doubtful; "doubtful" as used in statute referring to condition in mind of court and not in mind of administrator.

2. SPECIFIC PERFORMANCE—FINDING OF CONTRACT HELD TO SUPPORT JUDGMENT.—Findings that one party by letter requested that num- ber of shares to be purchased be reduced to certain number, and that by letter the other party accepted proposal for modification of contract and extended right to purchase and pay for that re- duced number at any time prior to certain date, *held* clearly a find- ing of contract which could sustain judgment for specific perform- ance.

---

1.   See 11 R. C. L. 163.

3. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDING NOT CONSIDERED, IN ABSENCE OF ASSIGNMENT OF ERROR.—Sufficiency of evidence to support finding cannot be considered on appeal, in absence of assignment of error.

4. APPEAL AND ERROR—EVIDENCE SHOWN BY JUDGMENT-ROLL WHICH WAS NOT PROPERLY PART THEREOF COULD NOT BE CONSIDERED.— Where, in absence of assignment of error relating to sufficiency of evidence to support findings, letters in evidence could not be considered, mere fact that letters were included in judgment-roll itself, which would be examined for fundamental error, *held* not to authorize determination whether that evidence supported findings, being no proper part of roll, but physically attached thereto by mere inadvertence.

See (1) 36 **Cyc.**, p. 796. (2) 36 **Cyc.**, p. 790 (Anno.). (3) 3 **C. J.**, p. 1337. (4) 4 **C. J.** p. 555.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Messrs. Norris & Norris, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee, for Appellee.

LOCKWOOD, J.—Frank R. Stewart, hereinafter called plaintiff, filed a petition in the superior court of Yavapai county, alleging that one Charles T. Joslin had entered into a written option contract of sale with plaintiff to sell him five hundred (500) shares of the capital stock of Verde Central Copper Company, a corporation, for Two Dollars and Fifty Cents ($2.50) a share, payable on or before April 1st, 1923; that before that time plaintiff attempted to tender the purchase price of the stock, but Joslin was then deceased, and that Ada M. Joslin, hereinafter called defendant, had been appointed as executrix of the last will and testament of deceased. Plaintiff therefore

3.   See 2 **R. C. L.** 164; 25 **R. C. L.** 326.

prayed that the executrix be directed by the court to specifically perform the contract.

The matter was heard in probate; counsel for defendant stating they desired the question of the duty of the executrix of performing the contract to be determined by the court, rather than that a suit for damages for breach of contract be brought. Written findings of fact and conclusions of law were filed, and a judgment in favor of plaintiff entered thereon, from which defendant appeals.

There are two assignments of error, and we will consider them in their order.

The first is that, under paragraph 982, R. S. A. 1913 (Civ. Code), the court should have dismissed the petition. This paragraph reads as follows:

"If, upon the hearing, as hereinbefore provided, the right of the petitioner to have a specific performance of the contract is found to be doubtful, the court must dismiss the petition without prejudice to the rights of the petitioner, who may, at any time within six months thereafter, proceed to enforce a specific performance thereof."

It is defendant's position that the word "doubtful" therein means "contested," and that any objection by her divested the court of its probate jurisdiction. That this view cannot be sustained is shown by the language of paragraph 980 of the Code, which refers to the same subject and reads as follows:

"If, after a full hearing upon the petition, and objections, if any there be, and examination of the facts and circumstances of the claim, the court is satisfied that the petitioner is entitled to a conveyance of the real estate, or a transfer of the personal property, described in the petition, a decree, authorizing and directing the executor or administrator to execute a conveyance or transfer thereof to the petitioner, must be made and entered on the minutes of the court."

This clearly gives the court the right to enforce the contract, notwithstanding objections made thereto, if it is satisfied the petitioner is entitled to the transfer. We think the doubt referred to in paragraph 982, *supra,* must exist in the mind of the court, and a finding of the right of specific performance negatives any doubt.

The second assignment is that the findings of fact do not support the judgment. The vital finding reads as follows:

"That by the letter of Stewart, bearing date December 29th, 1922, he requested, for the reasons therein set forth, that the number of shares to be purchased by him be reduced to five hundred (500) shares; that by a letter of Joslin to Stewart bearing date December 31st, 1922, Joslin accepted the stated proposal for a modification of the contract; and extended to him the right to purchase and pay for five hundred (500) shares of stock at $2.50 per share, at any time prior to April 1st, 1923."

This is clearly a finding of a contract in accord with the terms of the complaint, and it, in connection with the other findings of fact, fully sustains the judgment. Counsel argued with great earnestness at the oral hearing that the letters offered in evidence at the trial do not suffice to establish a binding contract of sale. No assignment of error was made as to the sufficiency of evidence to support the finding, and we are therefore precluded from considering this point. *Daggs* v. *Phoenix National Bank,* 5 Ariz. 409, 53 Pac. 201; *Pinal County* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714; Rule 12, section 1, Supreme Court of Arizona.

It is urged, however, that the judgment-roll itself shows these letters, and we are therefore bound to consider them. It is true that on an appeal we will examine the judgment-roll for fundamental error, notwithstanding there is no specific assignment thereof. But the documents comprising the judgment-roll are

defined by statute, and the mere fact that certain letters offered in evidence were by inadvertence physically attached thereto does not make them a part of it. The true judgment-roll in this case does not on its face show fundamental error.

The two alleged errors assigned being without merit, the judgment appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.