[Civil No. 2350.   Filed December 10, 1925.]

[241 Pac. 510.]

FRANK ALHBERG, Appellant, v. LOUISE MINING AND DEVELOPMENT COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—SUPREME COURT NEED NOT CONSIDER ERROR IN DENYING MOTION FOR NEW TRIAL, WHERE RECORD SHOWS NO MOTION MADE.—Supreme Court need not consider assignment of error in denying motion for new trial, where record shows no such motion was made.

2. APPEAL AND ERROR—SUPREME COURT MUST CONSIDER SUFFICIENCY OF EVIDENCE WHERE SUBSTANCE OF ASSIGNMENTS OF ERROR SETS UP SUCH OBJECTION.—Under Civil Code of 1913, paragraph 1262, the Supreme Court is bound to consider sufficiency of evidence to support findings, where substance of assignment of error is that evidence does not support findings, and assignment was not objected to as insufficient.

3. MASTER AND SERVANT—RELATION OF EMPLOYER AND EMPLOYEE HELD NOT TO EXIST BETWEEN ONE DEVELOPING MINE AND PARTY WITH WHOM HE CONTRACTED TO BUILD ROAD THERETO.—Relation of

---

2. See 2 R. C. L. 164.

3. Tests of the existence of the relation of master and servant, see note in 37 L. R. A. 38–40.

employer and employee *held* not to exist 'between one developing mine and party with whom he had contracted to build road thereto.

4. MASTER AND SERVANT—ONE DEVELOPING MINE HELD NOT RESPONSIBLE FOR DAMAGE CAUSED BY NEGLIGENCE OF ONE WHO HAD CONTRACTED TO BUILD ROAD FOR HIM.—One developing mine *held* not liable for damages caused by negligent conduct of independent contractor in building road to mine, since work was legitimate and not *per se* nuisance or unlawful.

See (1) 4 C. J., p. 552, n. 27.   (2) 3 C. J., p. 1373, n. 42.   (3) 39 C. J., p. 53, n. 70, p. 1324, n. 11.   (4) 39 C. J., p. 1327, n. 33 New.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Judgment reversed and cause remanded with instructions.

Messrs. Norris & Norris, for Appellant.

Mr. Robt. E. Morrison, for Appellee.

LOCKWOOD, J.—Louise Mining & Development Company, a corporation, hereinafter called appellee, filed in the superior court of Yavapai county, against R. M. Hanson, Arthur Bowen, Frank Alhberg and H. S. Davis, a claim for damages which it is alleged were caused to certain mining properties and workings of the appellee by the construction of a road on said property by the four parties last named. At the close of appellee's case, the action was dismissed as to Davis, and a motion to dismiss as to the other defendants, made separately as to each, was denied. At the close of the trial the same motions were made and denied and judgment rendered against the three remaining defendants in the sum of $600. From this judgment Frank Alhberg, hereinafter called appellant, is prosecuting this appeal.

The case was tried before the court sitting without a jury, and findings of fact were duly filed. These findings, so far as material, read as follows:

"That during the months of May and June, 1923, the said defendants, except H. S. Davis, without leave, license, or permit from the above-named plaintiff, entered upon the Goliah mining claim situate in the Hassyampa mining district, Yavapai county, Arizona, the same being then and there the property of the above-named plaintiff, and then and there unlawfully and wrongfully constructed a road, and in the construction of the same covered up various workings upon said mining claim, . . . to the damage of said plaintiff in the sum of $600."

There were three assignments of error. The third was that the court erred in denying appellant's motion for a new trial, but since the record shows that no such motion was ever made, we need not consider this assignment. The first assignment is as follows:

"That the court erred in refusing to dismiss the action as to Frank Alhberg and in refusing to enter judgment in his favor at the close of appellee's case, for the reason that the testimony showed that R. M. Hanson was an independent contractor and that the damage inflicted, if any, was inflicted by him as an independent contractor, and that no relation of master and servant existed, and that therefore appellant is not liable nor responsible for the actions of Hanson."

The second assignment is in effect the same as the first.

Appellee urges that the findings of fact specifically set up that Alhberg, as one of the defendants, did wrongfully cause the damage alleged in the complaint, and since there is no assignment of error that the evidence does not support the findings, we are precluded from questioning them, under the rule laid down in *Joslin* v. *Stewart,* 28 Ariz. 585, 238 Pac. 390. We think, however, that while the assignments of error do not in precise language set up that the evidence does not support the findings, yet this is the substantial effect of the assignment above quoted,

and since it was not objected to as insufficient, under the provisions of paragraph 1262, Revised Statutes of Arizona, Civil Code of 1913, and our decisions construing that statute, we are bound to consider the sufficiency of the evidence to support the findings.

A careful examination of the record shows the undoubted facts to be as follows: Alhberg and Bowen were developing certain mining property which belonged to Hanson under an option or lease. They desired to have some mining machinery taken out to the property, and delivered at the mouth of the tunnel where they were working, and entered into a contract with Hanson whereby he was to build a wagon road commencing in a certain specified place and running to a definite terminus, and to deliver the machinery in good order, paying for any breakage or damage, for the specified sum of $350. The contract referred also to the rebuilding of a certain large bridge, over which the road would pass, and provided that Alhberg and Bowen were to furnish the lumber necessary to build it.

Some time thereafter, it appearing doubtful as to whether the bridge could be properly rebuilt, Hanson went to one Marmont, who was acting as general foreman for appellee, and asked permission to build the road around the old bridge so that the machinery could be hauled in. Marmont granted this request, but warned Hanson that he must be careful not to allow any boulders or rocks to roll down on appellee's workings. So far as the record shows, the only connection appellant had with the entire transaction was: First, he was one of the parties to the written contract above summarized, and he paid for the work on the road; second, Bowen represented him when he was not on the property; and third, after the written contract Hanson asked Bowen if he cared where the road was built, to which Bowen replied it was no

concern of his; that they, meaning Bowen and Alhberg, had a written contract with Hanson, whereupon the latter said: "Well, I will make it around the bridge." And Bowen replied: "It is all right with us."

This is the only evidence connecting Alhberg with the building of the road which it is alleged caused the damage. We are satisfied the record shows conclusively that the relation of employer and employee at no time existed between Alhberg and Hanson, but, on the contrary, that the latter was an independent contractor. The rule of law in such cases is as follows:

"Under this rule, where work which does not necessarily create a nuisance, but is in itself harmless and lawful, when carefully conducted, is let by an employer, who merely prescribes the end, to another who undertakes to accomplish the end prescribed, by means which he is to employ at his discretion, . . . if during the progress of the work, a third person sustains injury by the negligent use of the means employed and controlled by the contractor, the employer is not answerable." *Wabash, St. Louis & Pacific Ry. Co.* v. *Farver*, 111 Ind. 195, 60 Am. Rep. 696, 12 N. E. 296.

It is not disputed that the work in question was legitimate and not *per se* a nuisance or unlawful, but that the damage, if any, was caused by the negligent conduct of Hanson. The testimony, therefore, did not support the finding of fact that Alhberg, as one of the defendants, was responsible for the damage, and the trial court should have granted the motion for judgment in his favor.

For the foregoing reasons the cause is reversed and remanded to the superior court of Yavapai county, with instructions to enter judgment in favor of appellant, Frank Alhberg.

McALISTER, C. J., and ROSS, J., concur.