[Civil No. 2770. Filed February 18, 1929.]

[274 Pac. 638.]

TERRENCE T. TENNERY, Appellant, v. KATHERINE TENNERY, Appellee.

See Appeal and Error, 3 C. J., sec. 1470, p. 1337, n. 11, sec. 1522, p. 1373, n. 43; 4 C. J., sec. 2726, p. 776, n. 57.

Divorce, 19 C. J., sec. 596, p. 257, n. 53, sec. 603, p. 259, n. 82, sec. 614, p. 268, n. 90, sec. 767, p. 329, n. 72.

Mr. P. A. Sawyer, for Appellant.

Mr. John L. Sweeney, for Appellee.

ROSS, J.—This is a divorce proceeding. The husband, Terrence T. Tennery, commenced the action, alleging cruelty. The wife's answer denied the allegations of cruelty. She also filed a cross-complaint for divorce from her husband charging him with cruelty.

Trial was had before the court without a jury, and resulted in a decree of divorce in favor of the wife and an allowance of $600 alimony, to be paid $100 a month beginning February 21, 1928.

The husband, Terrence T., brings the case here, insisting that errors were committed (1) in the admission of evidence; (2) in the granting of the decree; and (3) in awarding alimony. The grounds of his assignment as to errors 2 and 3 are that the evidence fails to support the divorce decree, and the award of alimony was an abuse of the court's discretion, and contrary to the law and the evidence. We will consider these in the order stated.

We think it is enough to say that the evidence admitted over objection was competent and material. It bears upon the wife's ability to earn her own living. However, if it were not, the trial being to the court, under the rule the presumption is that it was not considered in arriving at a decision. *Shannon Copper Co.* v. *Potter,* 13 Ariz. 245, 108 Pac. 486; *Nichols* v. *McClure,* 23 Ariz. 27, 201 Pac. 95; *Wamble* v. *Evants,* 23 Ariz. 307, 203 Pac. 554; *First Baptist Church* v. *Connor,* 30 Ariz. 234, 245 Pac. 932.

The next assignment is directed at the sufficiency of the evidence to support the decree. On that issue the court made a finding to the effect that each and every allegation of cruelty of the wife's cross-com-

plaint was true. This finding is not assigned as erroneous or unjustified by the evidence. The rule is that, where the court makes findings of fact, we will not look into the evidence for the purpose of determining its sufficiency upon an assignment that ignores the findings but challenges generally the sufficiency of the evidence. Where there are findings, we will accept them as being fully supported by the evidence, unless they are challenged by proper assignment. *Joslin* v. *Stewart,* 28 Ariz. 585, 238 Pac. 390; *Mosher* v. *Sabra,* 34 Ariz. 536, 273 Pac. 534.

What we have said of the foregoing assignment is applicable to the last or final assignment. The finding as to alimony was "that the cross-defendant is an able-bodied man and is able to pay cross-complainant the sum of $100 per month as alimony for a period of six months."

This finding as to the husband's ability to pay alimony is conclusive on that question, but we think, before he should be required to pay alimony, the evidence should show that it was "necessary for the support and maintenance of the wife." Such seems to be a requirement of the statute, paragraph 3869, Civil Code of 1913, and, since there was no finding that the alimony allowed was necessary for the support and maintenance of the wife, we think the assignment sufficiently raises the point to authorize a review of the evidence to determine if the allowance was justified.

The husband insists that the wife, who, as the evidence shows, was a stenographer regularly employed at a salary of fifteen to sixteen hundred dollars a year, is amply able to care for herself; that she did not need the money, because she had in cash some $600 and a certificate in a building and loan association for $1,000, which she was maturing at $5 a month. On the other hand, it is in evidence that she

was not in good health; that she had been operated upon for appendicitis, and had been advised by her physician that another operation was necessary. It was also made to appear that, because of her physical ailments, she might in time be incapacitated from doing stenographic work.

Alimony allowed to a wife successful in a divorce proceeding should be reasonable. What is "reasonable" depends upon the ability of the husband to pay as well as the wife's necessities. Its allowance and the amount thereof must be governed by the circumstances and facts of each case. The trial court is in a better position to determine what is right and just than we are, and, unless the allowance clearly and palpably is erroneous or excessive, we would not feel like disturbing it. *McFadden* v. *McFadden*, 22 Ariz. 246, 196 Pac. 452.

We cannot say that the amount allowed is too much. The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.