199 So. 803

## MORRIS v. MORRIS.

### 6 Div. 726.

Supreme Court of Alabama.

Jan. 16, 1941.

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

Gordon Abele, of Birmingham, for appellee.

FOSTER, Justice.

This is a petition filed by appellee, the former husband of appellant, to modify a decree of alimony incidental to a decree of divorce rendered October 24, 1935, in which appellee was ordered to pay appellant $25 a month as permanent alimony. This amount has been regularly paid.

At the time that decree was rendered, they had a son seventeen years old. So that he is now twenty-two years of age, and has completed his education and is self-supporting. She and her son have lived with her father, and they constituted the only members of the family. She has been, and still is, keeping house for him, and he provides her board and lodging, and she uses the $25 a month to supply other needs.

The basis of the claim of appellee for a reduction in the amount of alimony is the fact that the child has reached his majority, and does not have a further claim on that amount for support. As against that contention appellant claims, and so petitioned the court, that she is entitled to a larger allowance on account of her poor health and need of medical care and medicine, and because appellee is earning more than twice as much as he did when the decree was rendered. The court refused to enlarge the allowance at her instance or to decrease it at his instance. She prosecutes the appeal.

She is apparently well cared for in her father's home and doubtless well earns her board and lodging. The $25 a month barely is sufficient to supply her medicine and clothes; but she gets by with it as she has done for five years.

■ True he earns more now than he did when the divorce was granted, but he has married again, and while that is not justification for reducing the alimony allowance (17 Am.Jur. 476, section 611, note 3, also page 500, section 656; Myers v. Myers, 62 Utah 90, 218 P. 123, 30 A.L.R. 79), it is not improper to consider it upon the question of her claim for a larger allowance on account of his larger earnings. The two conditions must be considered together as constituting a change in his circumstances.

■ We agree with the trial court that perhaps the change on the one hand, that the child has reached his majority, is affected by the further change that appellant's needs are more on account of her physical condition. Also that the increase in his earnings are affected by his remarriage, and the further fact that he recently had an automobile accident, resulting in much expense and his physical impairment, causing him to go into debt, though not reducing his earnings. His second wife also has a daughter attending Judson College, but this is not at his expense. The wife teaches school and earns $120 a month. She and appellee are buying a home for which they are paying $67 a month.

The evidence was all taken before the judge in open court, and he found and decreed that the amount of alimony as originally fixed was equitable under all the circumstances, and denied both petitions and refused to modify the allowance of $25 a month. We see no reason to disturb that finding and decree. It is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.