78 So.2d 265

Dorra Ross YOUNG

v.

Brewer Hamilton YOUNG.

8 Div. 692.

Supreme Court of Alabama.

Oct. 7, 1954.

Rehearing Denied March 10, 1955.

Potts & Young, Florence, for appellant.

Mitchell & Poellnitz, Florence, for appellee.

GOODWYN, Justice.

Appeal from a decree of the Law and' Equity Court, in equity, of Lauderdale County, modifying an award of alimony.

Appellant and appellee, wife and husband! respectively, were divorced on March 19,. 1942, with a decree of divorce, as modified on July 24, 1942, providing for payment by appellee to appellant of $10 per week as alimony and also requiring him to pay monthly installments of $27.20 each (presumably payments on a mortgage loan) on a house and lot belonging to appellant and the parties' two children, a two-thirds' interest being owned by appellant and the children together owning the remaining one-third interest. In 1952, appellee filed a petition seeking modification of the decree so as to relieve him of the payment of alimony and the monthly installments on the house and lot. He alleged in his petition, as the basis for relief, "that his circumstances have changed since the enrollment of the decrees of this court and that his physical condition is impaired so that his ability to work long hours has been decreased, resulting in diminishment to his professional income and reasonable expectations of future earnings; that his financial obligations have increased and his earning capacity decreased".

Appellant answered the petition, making her answer a cross-petition. She seeks by her cross-petition modification of the alimony award in her favor by increasing the amount from $10 per week to $30 per week. As a basis for such relief it is alleged in the cross-petition that appellee "is now in better financial condition than he was at the time the decree which is sought to be modified by his petition was rendered on July

24, 1942"; that since that time the health of appellant, cross-petitioner, "has become greatly impaired" and that she has had to expend, for the past five years, large sums for medical expense, physicians' fees and hospital bills; that she frequently loses time from her employment, without pay for time lost, due to her physical condition and has been advised by her physician that she should stop working; that at the time of the rendition of the decree sought to be modified, appellee had the custody and burden of support of their two minor children and that he does not now have that burden; that "the cost of living has substantially increased since the rendition of the decree sought to be modified" and that she "is not now able to adequately support herself on the amount of income which she has and the limited alimony which" appellee "is now paying her".

On the issues thus presented, testimony of the parties and seven witnesses was taken orally before the court. Evidence of three witnesses was taken by deposition. The trial court rendered a decree modifying the former decree by relieving appellee "from further payments of $10.00 per week alimony" to appellant, but providing that that portion of the former decree requiring appellee "to keep up the payments on the house is not changed". The effect of this, of course, was to deny to the wife her petition to have the alimony increased to $30 per week.

We have carefully examined the evidence and have discussed it fully in consultation. There does not appear to be any material conflict in the evidence bearing on the question of changed circumstances. The problem for us, then, is to analyze it and determine from it whether there has been such a substantial change in the husband's financial condition, or other change of circumstances affecting either the husband or the wife, as to justify and support a modification of the former decree. Sims v. Sims, 253 Ala. 307, 309, 45 So.2d 25, 15 A.L.R.2d 1246; Colton v. Colton, 252 Ala. 442, 41 So. 2d 398; Garlington v. Garlington, 246 Ala. 665, 667, 668, 22 So.2d 89. We do not think the evidence shows such a substantial change in circumstances.

While the evidence seems clear that there has been a substantial change for the worse in the husband's physical condition and state of health, there appears to be no showing of a substantial change in his present financial condition. If anything, his income now is considerably more than it was in 1942, and so is his net worth. We recognize, of course, the great increase, since 1942, in living costs. But the wife is also affected by the same situation. The award in her favor would have bought considerably more in 1942 than it does today. By this, however, we do not mean to infer that the evidence justifies the increase in alimony sought by the wife. Our view is, after full consideration and discussion, that the evidence does not justify either reducing the award, as sought by the husband, or increasing it, as sought by the wife.

It may well be that the change in the husband's condition of health will, in the future, substantially affect his earnings, but that is an assumption which is essentially anticipatory. The fact that he has been in impaired health for four years and has not suffered any material reduction in income during that period is sufficient, we think, to show the uncertainty as to the time when his health will, in fact, cause a substantial change in his financial status.

The mere fact that the wife has secured employment since the entry of the decree for alimony is not within itself a ground for modification. It is but a circumstance to be considered along with all the other evidence on the issue of changed conditions. Jones v. Jones, 251 Ala. 179, 181, 36 So.2d 310; Morris v. Morris, 240 Ala. 399, 199 So. 803. The same is true with respect to the remarriage of the husband. Jones v. Jones, supra; Morris v. Morris, supra; Aiken v. Aiken, 221 Ala. 67, 127 So. 819.

We are reluctant to reverse when the evidence has been taken orally before the trial court, but when, on consideration

of the record, we do not find in the evidence sufficient basis for the trial court's decree we have no alternative but to reverse. Such is this case. Our conclusion is that the husband's petition for reduction in the alimony award should have been denied. It is also our conclusion that the wife is not entitled to an increase in alimony as sought by her cross-petition. Although the decree of the trial court does not expressly deny the relief sought by the wife, the effect was to clearly do so and we will consider that decree as denying the wife's cross-petition. So considering it, a decree will be here rendered denying the husband's petition and affirming the trial court's action in denying the wife's cross-petition. It is so ordered.

Affirmed in part, reversed in part, and rendered.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.