358 P.2d 183

Don Poggi SMITH, Appellant,

v.

Stella Mae SMITH, Appellee.

No. 6729.

Supreme Court of Arizona.

Dec. 29, 1960.

Charles Christakis, Phoenix, for appellant.

Paul H. Primock, Phoenix, for appellee.

JENNINGS, Justice.

This appeal involves alimony, the aftermath of a divorce suit. Don Poggi Smith, hereinafter referred to as plaintiff, instituted a suit against his wife, Stella Mae Smith, hereinafter referred to as defendant, on the ground of alleged cruelty. Defendant filed a general denial and cross-complaint, in which she prayed for a decree on the grounds of cruelty. The trial court rendered a decree in defendant's favor, awarding her a divorce from plaintiff; care, custody and control of the minor child, the sum of $150 per month permanent alimony from plaintiff, commencing with the first day of March, 1958, and the sum of $100 per month for the support and maintenance of the minor child. Defendant was also awarded a 1957 Ford automobile, all personal property in her possession, two lots owned by the parties, the sum of $5,000 as and for defendant's share and interest in the personal property owned by the parties, and the sum of $250 as and for the defendant's attorney fees. Earlier in the trial the court had awarded the defendant $750 attorney's fees pendente lite, and another sum of $250 for appraisal fees.

Also, of prime significance, at the trial the evidence showed that the plaintiff and defendant mutually sold their farm land consisting of 160 acres of land for the sum of $175,000, each receiving $51,603.45 of the down payment.

The plaintiff and defendant then paid the encumbrance on the land of approximately $18,000 each, leaving them a balance of $33,603.45 each. The evidence showed that the balance of $35,000 from the sale was

being paid in semiannual installments at 5% interest every January 1st and July 1st of each year and that at the time of the trial each had received over $1,300 as their respective one-half shares of said installments.

■ Plaintiff contends that the lower court erred in awarding the defendant any alimony, or in the alternative, awarding the defendant the amount of $150 and based this contention on the premise that there was no evidence to provide a basis for so holding. The plaintiff also contended in his second and third assignments of error that the lower court erred and abused its discretion in awarding the defendant attorney's fees in the amount of $750 pendente lite on December 10, 1956; the sum of $250 at the conclusion of the trial, and $250 for appraisal fees for the reason that the defendant had ample means to pay her own fees. In regard to the appraisal fees there was no evidence introduced that said sum was expended for appraisal work.

Since all three assignments of error involve the financial standing of the defendant and sufficiency of amounts allowed, we will discuss them together. In resolving a problem of this sort this Court in Tennery v. Tennery, 35 Ariz. 69, 274 P. 638, 639, stated:

" * * * Alimony allowed to a wife successful in a divorce proceeding should be reasonable. What is 'reasonable' depends upon the ability of the husband to pay as well as the wife's necessities. Its allowance and the amount thereof must be governed by the circumstances and facts of each case.

The trial court is in a better position to determine what is right and just than we are, and, unless the allowance clearly and palpably is erroneous or excessive, we would not feel like disturbing it."

Again this Court held in Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337, 340, that the "husband should not be required to pay alimony to the wife unless the evidence shows that alimony is necessary for the support and maintenance of the wife."

■ The plaintiff contends that the defendant received a substantial money settlement and that this together with income from a trust fund set up as a result of her receipt of proceeds from the land sale, she is amply able to take care of herself. There is some inconsistency in the evidence as to the exact amount of the trust. It is well known that this Court has consistently held that where there is any reasonable evidence to support the judgment of the trial court we will not disturb it. Covington v. Basich Bros. Const. Co., 72 Ariz. 280, 233 P.2d 837. Neither will we disturb the trial court's judgment where there is a conflict in the evidence. Paxton v. McDonald, 72 Ariz. 240, 233 P.2d 450.

The trust fund at the date of the trial, according to the evidence introduced by the defendant, amounted to approximately $15,000. In addition to this defendant had about $2,125 in the bank. Prior to this time defendant purchased a home, had given same to her daughter and son-in-law but was living in the house under arrangements to live there, with her minor daughter, for the rest of her life.

Nevertheless, at the same time, the plaintiff also had assets of this approximate value from his divisional share of the community property. He is now farming land rented from his mother and can be expected to earn a reasonable profit from the yield of the land and the efforts of his toil. The evidence also indicated that the plaintiff's income tax return for 1957 showed an adjusted gross income of $19,108.07, of which sum $18,490.78 represented the net capital gain from sale of land and $617.29 represented the net income from farming. However, it is also noted that in arriving at the net income, the depreciation expense, purely a book figure, amounted to $4,024. Therefore, in 1957 the appellant earned cash income (aside from the sale of land) in the amount of $4,641.29. In addition to farm income plaintiff receives 6% interest on a $19,000 loan.

Not only must the court consider the necessities measured by ability of the wife to acquire daily work but the Court must,

as was properly stated in Oliver v. Oliver, Ky., 258 S.W.2d 703, 704, "consider * * * the wife's estate, her necessities, measured by the social position in which her marriage placed her."

As this Court stated in McFadden v. McFadden, 22 Ariz. 246, 196 P. 452, 454:

"Each case is a problem in itself that must be solved according to its own facts and circumstances, and the solution by the trial court will not ordinarily be disturbed unless clearly or palpably erroneous."

This marriage had placed the defendant in a social position where she was not numbered among the working women. She was a farmer's wife and as such entitled to the position in which her marriage placed her. Even with this in mind, the trial court did not allow alimony sufficient to cover the entire list of necessary expenses itemized by the defendant. The court, in other words, must have concluded that the defendant would still have to work somewhat to maintain her original status.

A simple view of the facts of life leads this Court to observe that the employment potential of a college graduate is much greater than that of the high school graduate. Therefore, it is reasonable that the amount of alimony required by a young wife with a college education would not be the amount of money required for a young wife with a high school education.

By the same token, the amount necessary for a young wife with recent stenographic experience would not be the same amount necessary for an older woman with past stenographic experience who is many years removed from the business world, the latest business routine and techniques, and is not apt in acquiring new habits.

In what circumstance is the defendant? It is a fact that the defendant has never worked before other than as a housewife. She is a woman who has depended for her livelihood on the support of her husband; and though she is in good health the fact remains that at the time of the trial she was forty-five years of age, and has passed the point in life wherein it is easy for a woman without experience to obtain employment.

In Jones v. Jones, 173 N.C. 279, 91 S.E. 960, 963, the court used this language:

"The amount of attorney's fees and alimony is within the discretion of the trial court, and is not reviewable, unless such discretion is abused."

When the lower court awarded the $750 pendente lite on December 10, 1956, and the $250 for appraisal fees, the land had not yet been sold and the defendant was entirely dependent on the plaintiff at that time for her financial support. Though there was no evidence introduced at the trial that the $250 was expended for appraisal work, such evidence could have been ascertained by discovery procedure prior to the trial.

When all the factors and circumstances appearing in this case are carefully weighed and considered, we do not find that the lower court abused its discretion in the judgment rendered.

Should the circumstances change at any time the plaintiff does have the benefit of A.R.S. § 25–321, and we quote:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

For the foregoing reasons the judgment of the lower court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN and UDALL, JJ., and LORNA E. LOCKWOOD, Superior Court Judge, concur.

NOTE:

PHELPS and LESHER, JJ., having disqualified, the Honorable LORNA E. LOCKWOOD and the Honorable RENZ L. JEN-

NINGS, Maricopa County Superior Court Judges, were called to sit in their stead.

JENNINGS, J., qualified as Justice of the Arizona Supreme Court on December 12, 1960.