[Civ. No. 9971.   Third Dist.   Mar. 16, 1961.]

LUCILLE REESE, Respondent, v. FRANK L. REESE, JR., Appellant.

Robert R. Elledge and Charles M. Samson for Appellant.

George G. Murry for Respondent.

VAN DYKE, P. J.—This is an appeal from an order finding appellant in contempt for failure to pay child support and denying appellant's motion for a modification of the child support order.

An interlocutory decree of divorce was rendered in an action for divorce brought by respondent against appellant. The interlocutory decree, filed December 28, 1953, provided that appellant herein should pay respondent $75 per month for the support of the minor son of the parties who was then 7 years old. The mother was given custody. At that time appellant was employed, earning $250 per month, and received as part compensation a house and utilities furnished by his employer. He was also receiving a veteran's disability pension in the sum of $125 per month. He paid child support as ordered for a period of 61 months, that is, from January 1, 1954, through January 1959. In January 1959, appellant was hospitalized with a "chronic condition of hypertension, kidney condition and heart condition," which had resulted in a "convulsive seizure." His doctor testified that appellant was chronically ill and that his employability and life expectancy were very limited. Appellant ceased making any support payments and respondent herein brought proceedings to have him declared in contempt. Thereupon appellant moved for a modification of the support provisions and both matters were heard at one time. The trial court found him in contempt and ordered him to pay the full sum monthly for child support and in addition to pay $30 per month on arrearages. The court denied his motion to modify. From both orders he has appealed.

In matters such as these, the trial court has a broad discretion and its orders will not be reversed except where it appears that there has been an abuse of that discretion. As to the contempt matter it was found that at the time of the hearing appellant was in default in the sum of $750 for child support and that he had the ability to make said payments. He had not been employed since his seizure. His only income

during this period was his pension of $125 per month. Mathematically speaking, he could have paid the $75 per month, leaving him $50 per month wherewith to feed, clothe and house himself, to which sum could be added whatever he could earn with his "very, very limited" capacity for employment. But appellant had remarried and his present wife was shown to be earning $300 per month. The couple owned no property, not even a home and his present wife testified without contradiction that she was indebted on promissory notes in the sum of $1,600, which called for payments in the sum of $100 per month, as to which she was in arrears. ■ While a wife must support a husband, when he has not deserted her, out of her separate property when he has no separate property and there is no community property, and he is unable from infirmity to support himself (Civ. Code, § 176), there is no obligation on a wife under that section to support the husband's children by another marriage. It is apparent from the foregoing that the question of contempt and the question of modification were extremely close. In that situation counsel for appellant sought leave to call respondent to the stand in order to inquire into her ability to support, or aid in the support, of the minor child. ■ The affidavit in support of the motion for modification had alleged that the mother was financially able to support the child and that the father was unable to do so. The court refused to hear testimony as to the mother's ability to support the child or aid in its support. Under the circumstances this was error on the issue of appellant's right to modification. ■ As said in *Hall* v. *Hall*, 42 Cal.2d 435, 442 [267 P.2d 249] :

". . . An allowance for support must be made 'having regard for the circumstances of the respective parties.' . . . 'Circumstances' includes 'practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.' . . . '[I]t refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings.' "

■■ Although we must reverse the order denying modification and remand the cause for further consideration, the same is not true of the contempt order. The court could properly find in the exercise of its discretion that in refusing to make any contribution whatever appellant had acted in contempt of the existing order.

That portion of the court's order, however, which required appellant to pay in addition to the $75 per month the further sum of $30 per month to apply on back payments must be set aside since the amount of such payments was relevant to modification. As to such payments the ability of the child's mother to aid in the child's support would have to be considered.

The order finding appellant in contempt is affirmed except insofar as it includes an order as to arrearages. The order denying appellant's petition for modification is reversed and the cause is remanded for further proceedings.

Peek, J., and Schottky, J., concurred.