420 P.2d 578

Lorraine NORTON, Appellant and
Cross-Appellee,

v.

Robert L. NORTON, Appellee and
Cross-Appellant.

No. 8290.

Supreme Court of Arizona.
In Banc.
Dec. 5, 1966.

Patrick W. O'Reilly, Phoenix, for appellant and cross appellee.

Allan K. Perry, Perry & Perry, Phoenix, for appellee and cross appellant.

McFARLAND, Justice:

Lorraine Norton, hereinafter designated as plaintiff, and Robert L. Norton, hereinafter designated as defendant, were married on August 8, 1942.

On August 24, 1962, a decree of divorce was granted to plaintiff in which she was awarded the sum of $250.00 per month for her support and maintenance and $100.00 per month each for the support of the two minor children.

Approximately a year later—in October 1963—defendant petitioned the court for a modification of the decree on the ground

there had been a change of circumstances, alleging that a daughter—one of the minor children—had since married, and that plaintiff who was unemployed at the time of the divorce had since secured employment as a probationary schoolteacher in Maricopa County.

The court entered an order modifying the decree terminating the payment of $250.00 per month for plaintiff's support and maintenance and the $100.00 per month for the support of the child who had since married, with only the support payment for the unmarried child to remain in effect. It is from the order of the court terminating the payments of $250.00 per month for her support and maintenance that plaintiff appeals. Her assignments of error are as follows:

"1. The trial court's order completely terminating the support payments to the plaintiff was not supported by the evidence before the Court and was an abuse of the discretion allowed the Court under Section 25–321, A.R.S., and was therefore error.

"2. The trial court erred in refusing to consider, on defendant's petition for modification and reduction of support payments, evidence of the former wife's necessary living expenses, her then indebtedness, and other circumstances."

The questions presented to the court are whether the change in circumstances of the parties justifies the modification of the decree terminating the $250.00 per month for the support and maintenance of plaintiff and whether the court erred in refusing to consider plaintiff's necessary living expenses, her indebtedness, and other circumstances which had changed since the decree of divorce.

The evidence showed that at the time of the divorce defendant's gross income was some $12,000; and that at the time of the hearing on the order—according to his Federal Income Tax return which was introduced in evidence—his gross salary was $13,948.80, and that he had additional income, making a total gross of $17,923.29.

The evidence also showed he had since married, and that his present wife's income for 1962 was $6,025.20, resulting in a combined income of defendant and his wife of over $23,000.

It was further shown in the evidence that in the interim period plaintiff, who was a housewife at the time of the divorce, had attended Arizona State University and obtained a bachelor's degree in Education and a teacher's certificate, and was employed as a probationary teacher in the Isaac School District in Phoenix, Arizona, at a salary of $391.60 per month. Also, one of the two minor children of the marriage, for whom defendant was paying support, had married and was no longer in her mother's custody. Plaintiff in her appeal makes no objection to the elimination of the award for support of this child.

 A.R.S. § 25–321 permits such modification of a decree providing for the support and maintenance of a wife *"as may be just."* In Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923, this court stated:

"The term 'alimony' does not contemplate a settlement of property interest or general endowment of wealth. Like the alimentum in civil law from which the word was derived it has for its sole object the provision of food, clothing, habitation and other necessities for support. * * *" 96 Ariz. at 238, 393 P.2d at 925.

If alimony is not necessary for plaintiff's support and maintenance, defendant should not be required to pay it. Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337; Tennery v. Tennery, 35 Ariz. 69, 274 P. 638. However, in determining what is necessary there are certain matters the court must consider. The court, in making a determination as to whether a decree for support and maintenance should be modified, is governed by the same factors as are required in determining the reasonableness of an award for support and maintenance at the time of the original decree. Haskell v. Haskell, 119 Minn. 484, 138 N.W. 787; Bartow v. Bartow, 170 Wash. 409, 16 P.2d 614. The court, in the consideration of

these factors, should consider any change in the circumstances of the parties since the original decree.

■ All factors must be considered in determining the reasonableness of an award for alimony, including the financial and other circumstances of the parties, their earnings and their social standing in life at the time of the entry of the decree, the needs of the wife, her ability to support herself, and the husband's ability to pay. In Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966, we said:

"* * * The factors to be considered include the needs of the wife and her ability to support herself, Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953), the ability of the husband to pay, Tennery v. Tennery, 35 Ariz. 69, 274 P. 638 (1929); and the other circumstances of the parties including their standard of living." 93 Ariz. at 258, 379 P.2d at 971.

This court, in setting forth factors to be considered, said in Smith v. Smith, 89 Ariz. 84, 358 P.2d 183:

"Not only must the court consider the necessities measured by ability of the wife to acquire daily work but the Court must, as was properly stated in Oliver v. Oliver, Ky., 258 S.W.2d 703, 704, 'consider * * * the wife's estate, her necessities, measured by the social position in which her marriage placed her.' " 89 Ariz. at 87, 358 P.2d at 185.

In the case of Becker v. Becker, 64 Cal. App.2d 239, 148 P.2d 381, the court said:

"As we understand the phrase 'circumstances of the parties' as used in the decisions, it refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings. * * *" 148 P.2d at 383.

The wife's debts were held to have been properly considered by the trial court in Hardy v. Hardy, 221 Ga. 176, 144 S.E.2d 172, and the wife's obligations and expenses have been frequently considered on appeal,

e. g., Dickison v. Dickison, 65 Wash.2d 585, 399 P.2d 5; Reese v. Reese, 190 Cal.App.2d 181, 11 Cal.Rptr. 590. Plaintiff's employment will normally create an added expense in transportation to and from her school, as in Gann v. Gann (Ky.) 347 S.W.2d 540. The fact that she is only a probationary teacher, and has no savings or reserve for contingencies is also relevant. Miner v. Miner, 10 Wis.2d 438, 103 N.W.2d 4.

In the case of Young v. Young, 262 Ala. 254, 78 So.2d 265, the court said:

"The mere fact that the wife has secured employment since the entry of the decree for alimony is not within itself a ground for modification. It is but a circumstance to be considered along with all the other evidence on the issue of changed conditions. Jones v. Jones, 251 Ala. 179, 181, 36 So.2d 310; Morris v. Morris, 240 Ala. 399, 199 So. 803. The same is true with respect to the remarriage of the husband. Jones v. Jones, supra; Morris v. Morris, supra; Aiken v. Aiken, 221 Ala. 67, 127 So. 819." 78 So.2d at 267.

In the instant case plaintiff was able to secure a position as a probationary teacher; however, it could well be that her twenty years as a housewife during her marriage to defendant might make it more difficult for her to adjust herself to her new position, and she might again become unemployed without means of support.

It was also the duty of the court to consider, among other matters, the social standing of the wife as a schoolteacher, and the expense of maintaining her standing in social life as a teacher—together with the added expense, if any, due to her teaching, and the debts which she incurred in finishing her education.

Where courts reduce alimony because the wife has secured employment, the reduction in the amount of the alimony is not ordinarily equal to the amount of her earnings. The wife should be encouraged to seek employment, but if her alimony is reduced in the exact sum of her earnings she would have little incentive to work. See Arnold v. Arnold, 332 Ill.App. 586, 76 N.E.2d 335, 18 A.L.R.2d 1, and annotations.

In the case of Curry v. Curry, 102 Colo. 381, 79 P.2d 653, the court said:

"The changed conditions disclosed by the evidence are that since her divorce plaintiff had been working in a shoe shop about three days a week and earning on an average about $25 a month, which it will be noted is the amount of the alimony reduction.

\* \* \* \* \* \*

"The effect of the trial court's ruling is to not only deprive plaintiff of a part of her alimony, but also to discourage her from making any attempt to regain her position as a useful member of society. We think this wrong in principle, and her attitude and willingness to work to help the boy, without concurrently depriving him of a mother's love and care, should be encouraged." 79 P.2d at 653.

In the instant case it is evident the court did not consider all of these factors. It improperly rejected material evidence as set forth in the offer of proof as follows:

"That even with the $301 a month net, plus the two hundred and fifty that she has been receiving, she has an insufficient sum of income to cover her reasonable necessary monthly expenses for herself and her child."

The court also refused to permit plaintiff to testify and give an itemized statement of her necessary monthly expenses, including what she claimed were additional expenses due to her employment as a teacher, and her outstanding indebtedness, and to permit the introduction of exhibits showing such expenses and indebtedness. Examination of these documents reveals that a portion of plaintiff's debts and monthly expenses are a direct result of her employment, or were incurred in order to attend college and receive her degree and teaching certificate which were necessary for this employment.

Assuming the evidence would have supported the offer of proof, it is apparent that the order of the court entirely eliminating an award of alimony would have been arbitrary and an abuse of discretion against plaintiff who had, after twenty years of married life, improved her position as a useful member of society and was entitled thereby not merely to exist on a marginal standard of living, but on a standard in accordance with the factors as set forth herein, including defendant's ability to pay, the social standing in life, and the standard of living of the parties at the time of the decree, and also any increased expense of plaintiff in maintaining her standard of living, as well as her social position as a teacher.

In his cross appeal, defendant contends the court erred in ordering defendant to pay $850.00 as attorney's fees to plaintiff's counsel in furtherance of her appeal. In Johnson v. Johnson, 64 Ariz. 368, 172 P. 2d 848, this court recognized that the lower court, in its discretion, might require defendant husband to pay expenses of the wife's appeal. This was based on our holding in Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549, that the statute [A.R.S. § 25–315] permits the trial court to make such an order in furtherance of the appeal.

Although it has been said that the rule is based largely upon the fact the husband controls the community property of the parties, Johnson v. Johnson, supra; Ackel v. Ackel, supra, this is a matter in which the trial court has discretion. Dyer v. Dyer, 92 Ariz. 49, 373 P.2d 360; Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433. In the instant case, the lack of community property is not a factor which would necessarily constitute an abuse of discretion in an award of attorney's fees to the wife. We find no such abuse.

For the foregoing reasons the order for attorney's fees is affirmed, and the order modifying the decree is reversed. The cause is hereby remanded for further proceedings not inconsistent with this decision.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.