NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ERIC C. SOLBERG, *Plaintiff/Appellant*,

*v.*

REBECCA L. SOLBERG, *Defendant/Appellee*.

No. 1 CA-CV 15-0380FC
FILED 7-7-2016

Appeal from the Superior Court in Maricopa County
No. FC2011-000167
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Mesa
By Mark A. Shields, DeeAn Gillespie Strub
*Counsel for Plaintiff/Appellant*

The Murray Law Offices, Scottsdale
By Stanley David Murray
And
The Law Offices of Stone & Davis
By Lisa Johnson Stone
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

T H O M P S O N, Judge:

¶1        Eric C. Solberg (husband) appeals from the trial court's signed judgment declining to change the nature of property held with Rebecca L. Solberg (wife) as tenants in common, the denial of his motion for modification of spousal maintenance, and the award of attorneys' fees against him in the amount of $31,829.09.  Finding no abuse of discretion by the trial court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

¶2        Husband and wife were divorced by a decree on entered on February 6, 2013. That judgment awarded a community property rental house (the Electra property) as tenants in common. Wife was awarded spousal maintenance in the amount of $3,500 for sixty months. That judgment was not appealed.

¶3        In April 2014, husband filed a Petition for Order to Appear Re: Division of Undivided Asset and Modification of Spousal Maintenance. Husband asserted that that the property was "not divided" in the decree. Husband further asserted that wife had an increased income, or the potential for an increased income, while husband's dental practice was not bringing in the same income it had previously. Husband asserted that wife had less actual living expenses than were contemplated when the spousal maintenance award was entered, while he had additional debt from loans and taxes, and that he was preparing to pay for their child to attend college.

¶4        The family court held an evidentiary hearing. Husband, wife, and husband's accountant testified. After review of the record, and after consideration of the arguments, the family court declined husband's request to divide the Electra property or to modify wife's spousal maintenance award. The court stated husband's "unwillingness to continue to be partners with Respondent is not good cause to deviate from the terms of the Decree" and that the "original terms of the parties Decree, as it relates to the property located on Electra Lane, remain in full force and effect." It

2

found husband had not met his burden of proof to modify the spousal maintenance award.

¶5        Wife was awarded $31,829.09 in attorneys' fees pursuant to Arizona Revised Statute (A.R.S.) § 25-324 (2007) after finding husband's position was "unreasonable." Husband timely appealed.

DISCUSSION

¶6        On appeal, husband asserts that the family court erred, as a matter of law, in failing to "divide" the Electra property which had been part of the marital community.  To this end, he cites to A.R.S. § 25-318(A) (2007) which states:

> In a proceeding for dissolution of the marriage . . . [the court] shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct.

This statute, he asserts, requires the court to allocate assets in a manner not including tenants in common.  Specifically, husband argues "[t]he mentality behind this statute is clear: divorced parties should not be forced to continue as co-owners of property." We disagree.

¶7        The record is clear that the Electra property was an asset in the decree.  The family court changed the status of this investment property from community property to tenants in common.  Because this is not a situation like *Cooper v. Cooper*, 167 Ariz. 482, 487, 808 P.2d 1234, 1239 (App. 1990), where an asset was not addressed in the decree, husband's reliance on that case for the proposition that he could bring an action to divide the property is misplaced.

¶8        Preliminarily we note, as did wife in her answering brief, that if husband had an objection to the award of the property as tenants in common, he should have appealed that determination. He did not and, even were we not to find against him on the merits, his argument would nonetheless be waived.  *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 425, ¶ 22, 46 P.3d 431, 436 (App. 2002) (failing to raise an issue in first appeal waives it as to the second appeal).  As father did not request findings of fact or conclusions of law below, therefore, we presume the family court made all necessary findings supported by the evidence. *Neal v. Neal*, 116 Ariz. 590, 592, 570 P.2d 758, 760 (1977).

**¶9** No case law supports husband's contention that a family court, acting in equity, could not award property to a former husband and wife as tenants in common. In fact, we direct husband's attention to A.R.S. § 25-318(D) which specifically provides:

> The community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest.

There was no abuse of discretion here, and the family court is affirmed as to the Electra property. *See Hatch v. Hatch*, 23 Ariz.App. 487, 490, 534 P.2d 295, 298 (1975).

**¶10** Husband next challenges the family court's denial of his request to modify wife's spousal maintenance award. To this end, he asserts she has lowered expenses and an increase in her hourly pay. On appeal, we review the family court's denial of a request for modification of spousal maintenance awarded in a dissolution decree for an abuse of discretion. *Nace v. Nace*, 107 Ariz. 411, 413, 489 P.2d 48, 50 (1971). Therefore, we view the evidence in the trial court in the light most favorable to sustaining the family court's ruling, and we will affirm if there is any reasonable evidence to support it. *See Thomas v. Thomas*, 142 Ariz. 386, 390, 690 P.2d 105, 109 (App. 1984).

**¶11** Family courts should consider all factors in determining whether a reduction in spousal maintenance is appropriate, rather than using a dollar-for-dollar reduction for wife's increased earnings. *See Norton v. Norton*, 101 Ariz. 444, 477, 420 P.2d 578, 581 (1966). Further, wife's lowered expenses due to cohabitation do not necessarily constitute a reason for reduction in spousal maintenance where there is no substantial net change in her expenses. *See Van Dyke v. Steinle*, 183 Ariz. 268, 279-80, 902 P.2d 1372, 1383-84 (App. 1995) (holding a cohabitation is not a sufficient basis, in itself, for reduction of spousal maintenance).

**¶12** The family court heard testimony from both husband and wife. The court found "[a]lthough there has been minimal change in circumstance, the income earned by Petitioner has not been substantial or continuing." The family court also heard testimony regarding father's income from which it could have found no substantial decrease since the 2012 decree. The transcript reasonably supports the family court's determination that husband "has not met the burden of proof required

based on his failure to demonstrate either a substantial or continuing change of circumstances" as to wife's earnings or expenses.

**¶13** The trial court is the best judge of the credibility of the witnesses and the weight of the evidence. *Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 171, 481 P.2d 536, 541 (1971). We will not substitute our opinion of that determination. *See id.* at 169, 481 P.2d at 539. On this record, we cannot conclude the court abused its discretion in denying husband's request to modify his spousal maintenance obligation.

## Attorneys' Fees Below and On Appeal

**¶14** After considering the factors of A.R.S. § 25-324, the family court awarded wife attorneys' fees in the amount of $31,829.09. The family court found husband took an "unreasonable posture" in this matter. The court was aware of the parties' relative financial positions and heard testimony which could support a finding that husband's positons were unreasonable. For the above stated reasons, we do not find the trial court abused its discretion in the award of attorneys' fees to wife under A.R.S. § 25-324. *See Magee v. Magee*, 206 Ariz. 589, 590, ¶ 1, 81 P.3d 1048, 1049 (App. 2004).

**¶15** Husband and wife each request their attorneys' fees on appeal. Wife is awarded costs and reasonable fees, in an amount to be determined, after compliance with ARCAP 21.

## CONCLUSION

**¶16** The family court is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA

5