[No. 11683. Department Two. May 5, 1914.]

CHESTER FRAIR, *Respondent*, v. E. W. CASWELL, *Appellant*.[1]

APPEAL — PRESERVATION OF GROUNDS — EXCEPTIONS TO FINDINGS—
TIME FOR FILING. Exceptions to findings, required by statute to be
filed within five days after service of written notice of the filing
thereof, are not in time when not filed until more than five days
after actual notice when appellant moved for a new trial; actual
notice being equivalent to service.

WITNESSES—EXAMINATION—REFRESHING MEMORY. Where a party
is unable to recall, when on the witness stand, all the items of a bill
of particulars furnished, his counsel may call his attention to the
omitted items.

COSTS—WITNESSES—TAXATION. Costs may be allowed for wit-
nesses who testified to matters tending to support the allegations of
the complaint, although they testified to no matter not admitted by
the defendant, as defendant's admissions could not be anticipated.

Appeal from a judgment of the superior court for King
county, Pendergast, J., entered May 27, 1913, upon findings
in favor of the plaintiff, in an action in tort, tried to the
court. Affirmed.

*Martin Korstad* and *Chas. E. McAvoy*, for appellant.

*Leopold M. Stern* and *J. W. Russell*, for respondent.

FULLERTON, J.—The respondent brought this action
against the appellant to recover for an injury to his au-
tomobile, alleged to have been caused by the negligent act
of a servant of the appellant. On a trial had before the
court sitting without a jury, findings of fact were made
in favor of the respondent, on which a judgment was en-
tered for $400.

The principal errors assigned by the appellant question
the sufficiency of the evidence to sustain the findings and
judgment. The respondent, however, insists that these
questions are not before the court for want of sufficient ex-

[1]Reported in 140 Pac. 564.

ceptions to the findings. The objection, we think, is well taken. The findings were filed by the judge with the clerk of the court on May 27, 1913. On May 29, 1913, the appellant moved for a new trial. This motion was heard and decided adversely to the appellant on July 22, 1913, and six days later written exceptions to the findings were taken and filed. The statute requires exceptions to findings of fact, taken in this form, to be filed within five days after service of the findings of fact on the party excepting, or after service of a written notice of the filing thereof. There is an affidavit in the record in which it is alleged that no service of the findings or judgment was made upon either the appellant or his attorneys. But actual notice is equivalent to service, and it is shown by the fact that the appellant filed a motion for a new trial on May 29, 1913, that he had actual notice of the decision upon that day. To have been in time, the exceptions should have been filed within five days after that date, and a filing of such exceptions on July 28, 1913, was, therefore, not in time.

The respondent, on the motion of the appellant, furnished the appellant with a bill of particulars in which he particularized the several items of damage caused the automobile by the collision of the team therewith. At the trial, when the respondent was on the stand, he was unable to recall from memory each of the particular items, and the court permitted his counsel, over the objection of the appellant, to call his attention to the omitted items. It is objected that this was error, but we think it proper practice. The items were several in number, and it would have been remarkable had the respondent been able to recall each of them without refreshing his memory in some manner. For counsel to direct the witness' attention to the items was not only his right, but his duty, if he is to render his client a full measure of service.

Some six certain witnesses were called by the respondent and testified to matters pertaining to the accident; and

witness fees for them were allowed by the court in the taxation of the costs. It is objected that this was improper, because it is claimed they testified to no fact not admitted by the appellant. But while it may be true that they testified to facts which the appellant did not controvert by evidence, the matters testified to tended to support the allegation of the complaint, all of which were put in issue by the answer. The respondent could not anticipate admissions on the part of the appellant, and it was his privilege to prove his case in the strongest manner possible. There was no undue accumulation of evidence, and we think the court properly allowed the fees of the witnesses as costs.

The judgment is affirmed.

CROW, C. J., MORRIS, PARKER, and MOUNT, JJ., concur.