[No. 16069. Department Two. December 3, 1920.]

KINNEY PETERSON, *Appellant,* v. MINNIE MITCHELL PETERSON, *Respondent.*[1]

APPEAL (337)—BRIEFS—TIME FOR FILING. Respondent's brief will not be struck out for failure to file it within time, where it was served and filed prior to the making of the motion to strike.

SAME (147, 151½)—EXCEPTIONS—STRIKING STATEMENT FOR FAILURE TO EXCEPT. Where written exceptions to findings of fact were not filed within five days after notice of the filing of the findings, and the only error assigned is that the evidence does not justify the findings, the statement of facts will be stricken.

DIVORCE (80)—ALIMONY—DIVISION OF PROPERTY. In awarding alimony, the amount of monthly payments should not be fixed by reference to the installments of industrial insurance which the wife had been receiving and forfeited upon her marriage to defendant, but the property is to be disposed of in a just and equitable way, having regard to the respective merits and condition of the parties.

Appeal from a judgment of the superior court for King county, Wright, J., entered February 20, 1920, granting a decree of divorce, upon findings in favor of the defendant, tried to the court. Modified.

[1]Reported in 194 Pac. 380.

*Thos. R. Horner,* for appellant.

*Bradford & Egan* and *Charles P. Moriarity,* for respondent.

MITCHELL, J.—The plaintiff and the defendant each seeks a decree of divorce. The pleadings present the property rights of the parties and the matter of alimony. The trial resulted in findings of fact, conclusions of law and a decree in favor of the defendant. The plaintiff has appealed.

Upon the call of the case in this court, the appellant, without any notice to the other party, moved to strike respondent's brief because it was not served or filed within thirty days after the service and filing of appellant's brief. The record shows respondent's brief was served and filed more than ten days before the making of the motion, and, according to our uniform holding in such situations, the motion was untimely. It is denied.

No error is assigned upon the admission or rejection of evidence, but only that the evidence does not justify the findings, conclusions and judgment, and that the judgment is oppressive. The respondent, however, by a motion to strike the statement of facts, insists that the evidence is not properly before the court because the exceptions to the findings were not filed within proper time. The findings and conclusions were filed by the trial judge with the clerk of the court in the absence of the appellant or his attorney, neither of whom was present at the time they were signed. The written exceptions, signed and filed by the attorney for the appellant, on May 21, 1920, state he was aware on May 13, 1920, that the findings and conclusions had theretofore been filed in the case. Under § 383, Rem. Code, and the case of *Frair v. Cas-*

*well,* 79 Wash. 470, 140 Pac. 564, the exceptions, to have been in time, should have been filed within five days after May 13, 1920, and the filing of such exceptions on May 21, 1920, was therefore not in time. The motion to strike the statement of facts is granted.

There can be no tenable contention that the conclusions of law and judgment are not fully warranted and sustained by the findings of fact, with one exception, as follows: There was a finding that, prior to the marriage, the respondent was receiving from the state industrial insurance fund $20 per month, which was discontinued upon her marriage. This finding of fact is carried into both the conclusions of law and the decree as follows:

"That the appellant shall pay to the respondent $20 per month, the same to be paid to her until such time as she remarries, or until such time as the state would have ceased paying the same had the marriage not taken place."

The basis for this provision, as stated by the court after the close of the trial, is, that it was "to take the place of the industrial insurance she forfeited because of her marriage." It does not follow as a matter of law that, because the wife was compelled to forego an income from some other source because of her getting married, therefore the husband shall be penalized or burdened with that or any other amount in lieu of it, upon the granting of a divorce. In granting a divorce, the property of the parties is to be disposed of in a just and equitable way, having regard to the respective merits of the parties, to the party through whom the property was acquired, and the condition in which they will be left by the divorce. The correct theory is the property they have at the time of the divorce, and the condition in which they will be left, rather than the condition they were in before the marriage. Alimony

to be paid in the future cannot rest upon her former right to a conditional allowance she voluntarily waived to cast her lot in the marriage relation. A consideration of the record before us shows she is amply provided for, considering their property rights and his ability to pay in the future, independent of the $20 per month, and being satisfied this item is not supported by the finding and the reason given for it, the judgment to that extent will be modified and in all other respects affirmed.

Remanded with directions to the trial court to modify the judgment accordingly.

HOLCOMB, C. J., MOUNT, TOLMAN, and MAIN, JJ., concur.