385 P.2d 216

**Frank J. BABNICK, Appellant,**

v.

**Lucille H. BABNICK, Appellee.**

No. 7409

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

Johnson, Darrow, D'Antonio, Hayes & Morales, by J. Mercer Johnson, Tucson, for appellant.

Lohse, Donahue & Bloom, Tucson, for appellee

UDALL, Vice Chief Justice.

Appellant husband was plaintiff in an action for divorce to which appellee wife filed a counterclaim. The trial judge granted the divorce without decreeing to which of the parties the divorce was granted and without specifying in whose favor the issues as to the grounds for divorce were decided. Brown v. Brown, 38 Ariz. 459, 300 P. 1007.

■ Examined in the light that this court must view the evidence and all reasonable inferences to be drawn from the evidence most favorably to upholding the decree, Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (June 1963) the evidence is as follows: The husband, an orthodontist, is in his sixties and the wife in her fifties. Both had been married previously. The parties had been introduced by a fellow orthodontist for whom the wife was working as a dental technician and had known each other about six months before they were married. The marriage worked out well for the first four or five months but after this time the parties quarreled with increasing frequency. Apparently the wife wanted more of a social life while the husband preferred to stay home in the evenings. The husband usually left the house before the wife was out of bed. After six months the parties separated and although they lived under the same roof for another six months it was not as man and wife.

At the time of the marriage the wife was earning $89.50 per week and had a pension of $170 per month as a result of her former marriage. That this pension would automatically stop on her remarriage was known to both parties and was discussed by them. The wife testified that she had the following conversation with her husband prior to the marriage:

" 'What I want to discuss is my giving up my compensation, Bob, which is the only security I have, and I want to know for sure you are ready to marry, that you feel right about it, that you have not been pushed into it in any way.' He said of course he hadn't. He said, 'You are talking about compensation?' I said that was the only security I had, I was giving it up along with my job and everything, and he said, 'Well, $170 a month, that's peanuts, if I couldn't do more for you than that, I wouldn't ask you to marry me.' "

Her salary and her pension were just sufficient for her to meet her living expenses and she had no savings. She had about $1,000 worth of furniture which she gave away prior to the marriage at her husband's suggestion as the husband had a completely

furnished home. She brought to the community a 1955 Chevrolet in which she had an equity of $239.90. Soon after the marriage this car was used as a trade-in on a 1958 Ford and the husband paid the balance of the purchase price of $2,112.43. Title to the Ford was taken in both names. The husband had substantial stock holdings, other assets, and his gross income was about $70,000 per year with a net income after taxes of about $31,000.

In its decree the trial court awarded the wife $500 alimony for one year to allow her to recover her health, get back on her feet and find a new job. It also allowed her attorneys' fees and costs. The husband does not complain of these amounts. The wife was also awarded $170 per month alimony after the one year period and sole possession of the 1958 Ford. After the husband had filed his notice of appeal the trial court directed the husband to pay the wife an additional $600 in attorneys' fees to enable her to defend the appeal. It is of these awards that the husband complains.

The trial court stated his reason for allowing $170 per month as follows:

"I ordinarily don't think of alimony in a marriage that has lasted no longer than this one; * * * Something should be done to try to make her [the wife] whole in connection with the pension she lost and gave up in good faith on the basis of her marriage."

The husband first contends that the amount awarded as alimony is on its face excessive. The amount of alimony given the wife is within the sound discretion of the trial court, Spector v. Spector, supra, and we cannot say simply because the wife was awarded $170 per month that it is so excessive as to be an abuse of discretion.

The husband further argues that the trial court erred in allowing the wife an amount as alimony which would " * * * make her whole in connection with the pension she lost * * *" in that it is not the obligation of a husband to pay the amount the wife formerly received as a government pension. We are cited to Peterson v. Peterson, 113 Wash. 317, 194 P. 380, and Plageman v. Plageman, S.D., 110 N.W.2d 337. However, we cannot agree that either of these cases support the husband's contention. In Peterson the Washington court held that as the wife was adequately provided for independent of an award reinstating an amount equal to payments from an industrial commission award, the husband could not be forced to pay that amount *as a matter of law*. In Plageman the trial court's award of alimony was affirmed against the contention of appellant wife that the trial court *as a matter of law* should have made additional award to compensate her for the loss of social security and workmen's compensation benefits which had terminated with the marriage. We think the correct rule is stated in the later

Washington case of Luithle v. Luithle, 23 Wash.2d 494, 161 P.2d 152, cited with approval in Plageman supra. In Luithle the marriage lasted four months. The trial court in awarding alimony took into account the fact that the wife had given up social security payments by reason of the marriage. The Court said:

> "We have hereinbefore referred to the fact that the respondent, on her marriage to the appellant, relinquished permanently her monthly allowance of twenty-one dollars under the Social Security Act. Her loss in that respect will, over an expectant period of time, in large part counterbalance the award made to her in the interlocutory decree. Although it does not follow *as a matter of law* that appellant must be penalized by being compelled to assume the burden of that loss Peterson v. Peterson, 113 Wash. 317, 194 P. 380, nevertheless, that was *a very important factor* to be considered by the court in resolving the relative situations of the parties after the divorce." 23 Wash.2d at 503, 161 P.2d at 156. (Emphasis supplied.)

Thus, these cases stand for the proposition that while the trial judge is not compelled as a matter of law to restore a pension terminated by marriage it is a "very important" factor for him to take into consideration in the exercise of his sound discretion. We cannot say that the trial judge abused his discretion in this instance, Spector v. Spector supra.

■ The 1958 Ford was purchased five weeks after the marriage. Title to the car was taken in the names of both the husband and wife. It was paid for by trading in the wife's car, her separate property, and the balance by monies accumulated by the husband prior to the marriage as his separate property.

In Rundle v. Winters, 38 Ariz. 239, 245, 298 P. 929, 931, we said:

> "When separate and community funds are mingled, the commingled funds are presumed to be community, and the burden is upon the one claiming them or any portion thereof to be separate to prove such fact and the amount by clear and satisfactory evidence."

We think the trial court could have judged from the evidence that the car was intended as a gift to the community from the facts, among others, that title was taken in both names, the husband did not even have a set of keys, and the car was driven exclusively by the wife.

■■ The husband's third complaint is without merit. He does not claim it is improper to allow a wife attorneys' fees to defend an appeal but merely that in this case the allowance was not proper because the wife had an alimony income of $500 per

month and therefore must have had sufficient funds to pay for her own defense. The allowance of attorneys' fees in a divorce action is within the sound discretion of the trial court, Spector v. Spector supra; and we cannot say in the light of the husband's earnings that either the allowance of fees or the amount allowed in this case constitutes a clear abuse of that discretion.

Affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, J., concur.