446 P.2d 500

**Betty Lou PORRECA, Appellant,**

**v.**

**Charles C. PORRECA, Appellee.**

**No. 2 CA–CIV 539.**

Court of Appeals of Arizona.

Oct. 29, 1968.

Silver, Silver, Ettinger & Karp by Leonard Karp and James J. Silver, Tucson, for appellant.

Arthur R. Buller, Tucson, for appellee.

KRUCKER, Judge.

Action for divorce. This appeal is by the plaintiff from that portion of the divorce decree providing that she be paid alimony in the amount of $700 per month for two years, or until she remarries, whichever should first occur. The only issue before this court is the propriety of the two-year cutoff, and whether the trial court, in providing that alimony payments should run no longer than two years, abused its discretion.

The parties were married in 1949, and in October of 1967, judgment was entered granting plaintiff a divorce.

Defendant is a physician, and virtually all of his training and preparation for this profession was acquired during the 18-year period of the marriage. Defendant entered the practice of medicine in 1961, and his net income before taxes from this practice in the last full year, that is, 1966, before the trial was approximately $30,000. De-

fendant's income for the first five months of 1967 indicates that his income before taxes for calendar year 1967 should be approximately the same as his income for 1966.

Plaintiff does not have a profession, nor does she presently possess any particular employment skills, although in the past she has been employed, at irregular intervals, for some office work and accounting work. Plaintiff has not been employed since her husband, the defendant, entered the practice of medicine in 1961, and she has had no income of her own since that time. At the time of the trial, plaintiff had acquired approximately one-fourth of the college credits required to obtain a teaching degree from the University of Arizona, and plaintiff expects that it will take from two and one-half to three years to complete her studies in that curriculum.

The divorce decree, in dividing the community property, gave to defendant all the assets and equipment of his medical practice including the accounts receivable, an Austin-Healy automobile, approximately $1500 in corporate securities, and a few personal items. Plaintiff's share of the property division consisted of a 1965 Thunderbird automobile, the household furniture, a note for $15,000 secured by a second mortgage, and her personal items. Plaintiff's parents are the obligors on the aforesaid note, and this note has lost its security subsequent to the trial due to a foreclosure by the first mortgagee. It does not appear that either party owned any separate assets at the time of the trial which were capable of producing income.

The portion of the decree from which this appeal is taken reads as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

\*　\*　\*　\*　\*　\*

3. That the Defendant is to pay to the Plaintiff, as and for alimony, the sum of SEVEN HUNDRED ($700.00) DOLLARS per month for a period of two years, beginning on August 1, 1967, or until she remarries, whichever is sooner."

It is plaintiff's position that the trial court, in ordering that the alimony should continue no longer than two years, abused its discretion.

In determining what amount should be awarded as alimony the trial court has broad discretion, Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963), and where there is any reasonable evidence to support the judgment of the trial court, we will not disturb it. Smith v. Smith, 89 Ariz. 84, 358 P.2d 183 (1960). However, the trial court, in the exercise of its discretion, must do so within certain guidelines, and in making an award of alimony there are three broad and basic criteria to be considered. First, the financial needs of the wife, measured by the social position into which her marriage placed her. Second, the ability of the wife to produce income sufficient to sustain her in this status, either by her own labors or as a result of income-producing property which she may own. The third criterion is the financial condition of the husband and his ability to make payments for the support and maintenance of his former wife. Kennedy v. Kennedy, supra, 93 Ariz. at 258, 379 P.2d 966.

We are in agreement with plaintiff's contention that the alimony award was not a lump sum award payable in installments. Our court has said that an alimony award will be a lump sum in case it is "\* \* \* an unqualified allowance in gross \* \* \*", and it is such a "\* \* \* definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment \* \* \*." Barnett v. Barnett, 95 Ariz. 226, 228, 388 P.2d 433, 435 (1964). The decree before us does not satisfy this definition inasmuch as the right to receive the payments under the decree would be terminated upon the occurrence of a future event uncertain, the plaintiff's remarriage.

Plaintiff gave evidence at the trial that the amount necessary to maintain herself and her daughter in their station in life was approximately $1,100 per month. The court

allowed plaintiff $700 per month as described above, and, as support for the minor child of the parties, an allowance of $200 per month was made without a cutoff date, and the amounts themselves have not been appealed.

Since the monthly amount of $700 is not here in dispute, we shall direct our attention to the provision that the allowance shall terminate at the end of two years. If there be any reasonable evidence in the record to show that plaintiff should not be entitled to alimony upon the expiration of two years of payments, then the limitation imposed by the trial court must be sustained. Smith v. Smith, supra. After a careful search of the record, the only evidence indicative of a change in circumstances of the parties after two years is the fact that the plaintiff was attending the University of Arizona with the purpose of obtaining a degree in education. There is nothing to show that defendant's ability to pay would be changed at that time, nor is there evidence that any of the property owned by the plaintiff would at that time be capable of producing income. There is likewise an absence of proof that plaintiff's ability to maintain her social and economic stature consistent with that prior to divorce would require less than $700 per month, regardless of whether this was income produced by the plaintiff or alimony payments made by the defendant.

■ The question before us, then, resolves itself to this: Did the trial court abuse its discretion in terminating alimony at the end of two years because at the end of that period plaintiff could be able to obtain a teaching job? It is the opinion of this court that the two-year limitation on alimony imposed by the trial court in its decree was an abuse of discretion.

■ It is true that where the wife has the facilities at her disposal which are capable of producing income sufficient to maintain her in the social and economic position which she enjoyed at the time of the divorce, then alimony, in such a case, would not be necessary, and the former

husband should not be required to pay it. Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953).

■ It is, furthermore, a sound public policy which would provide an incentive for one receiving alimony payments to use diligence in procuring the requisite training and skills to the end that she may eventually become self-sustaining. However, it must be remembered that one who does so improve herself, and who does obtain employment as a result of this improvement, does not thereby lose all entitlement to alimony payments. Norton v. Norton, 101 Ariz. 444, 420 P.2d 578 (1966).

In the *Norton* case, plaintiff-wife, a housewife at the time of the divorce, was given a monthly award for an indefinite period. The parties had been married twenty years, and at the time of the trial plaintiff was attending college, her purpose being to become qualified to teach. Plaintiff subsequently graduated and obtained a teaching certificate, and she was hired as a probationary teacher by a school district in Phoenix, Arizona.

The husband instituted proceedings in the superior court to modify the divorce decree, and the court entered an order terminating the alimony payments.

■ Our Supreme Court held that the criteria to be considered in a proceeding to modify a divorce decree were the same as those to be considered in making a determination as to the reasonableness of an award for support and maintenance at the time of the original decree. The alimony award in that case was $250 per month, and plaintiff's monthly income as the result of her employment was approximately $300. The Court held that the action of the trial court, by entirely eliminating the alimony award, was arbitrary and an abuse of discretion against the plaintiff.

"* * * [P]laintiff who had, after twenty years of married life, improved her position as a useful member of society and was entitled thereby not merely to exist on a marginal standard of living, but on a standard in accordance with the

factors as set forth herein, including defendant's ability to pay, the social standing in life, and the standard of living of the parties at the time of the decree, and also any increased expense of plaintiff in maintaining her standard of living, as well as her social position as a teacher." 101 Ariz. 444, 447, 420 P.2d 578, 581 (1966)

In the instant case, the amount needed for the support and maintenance of Mrs. Porreca in the circumstances to which she had become accustomed was found to be $700 per month. At the time of the trial, she had completed but one year of college, and it was by no means certain that she would graduate, let alone that she would have a job if and when she did graduate.

The trial court was amply justified in providing some incentive for the plaintiff to complete her education and obtain employment, to encourage her to become a productive member of our society. However, in providing that *all* alimony should cease at the end of two years, the trial court did abuse its discretion under the circumstances of this case. The only evidence which would justify a reduction in alimony at the end of two years is the fact that the plaintiff might then be able to secure employment as a teacher. But even if such employment were a certainty, an entire elimination of the alimony award would, nevertheless, be unjustified unless it were shown that the fruits of her employment were sufficient to maintain her in the economic and social status that she enjoyed at the time of the divorce, considering also any additional expenses arising out of the fact of her employment. Norton v. Norton, supra. Such a showing has not been made here.

For the foregoing reasons, that portion of the divorce decree which provides that alimony shall terminate at the end of two years shall be vacated. The cause is hereby remanded, and the trial court is instructed to make a determination, not inconsistent with the foregoing, as to what amount of alimony shall be awarded for the period commencing two years after entry of the original judgment.

HATHAWAY, C. J., and MOLLOY, JJ., concur.