466 P.2d 412

**Donald J. LARSEN, Appellant,**

v.

**Doris J. LARSEN, Appellee.**

**No. I CA–CIV 1141.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 16, 1970.

Hunter, Bartlett, Penn & Lerch, by Martin F. Keil, Phoenix, for appellant.

Walter F. Kessler, Phoenix, for appellee.

EUBANK, Presiding Judge.

This appeal is from a divorce decree entered by the trial court sitting without a jury. Appellant-husband, Donald J. Larsen, appeals from the judgment and decree awarding custody of their three minor children, child support and alimony to his appellee-wife, Doris J. Larsen, while granting him reasonable visitation rights.

Appellant-husband's first two questions on appeal attack the sufficiency of the evidence to support the trial court's findings that both parties are fit persons to have care, custody and control of the minor children. We have reviewed the record and it is our opinion that there is substantial evidence to support the findings of the trial court in this regard. Tri-State Insurance Co. v. Maxwell, 104 Ariz. 574, 457 P.2d 251 (1969); Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960).

The appellant-husband's next two questions raise abuse of discretion questions: First, that the court abused its discretion in awarding care, custody and con-

**540**

trol of the minor children to the appellee-wife; and, Second, that such award was not made in the best interests of the children. Again, we have reviewed the record and it is our opinion that there is ample evidence to support the exercise of the trial court's discretion in awarding the care, custody and control of the minor children to their mother. See Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965). The trial court's discretion will not be set aside on appeal unless the record is devoid of competent evidence to support the decision. Fought v. Fought, 94 Ariz. 187, 188, 382 P.2d 667, 668 (1963). Such is not the case here. There is substantial evidence to support the exercise of discretion.

The next question raised by appellant-husband asks whether the court failed to consider evidence of the fitness of the appellee-wife. This repeats the question considered in the second paragraph, above, and in effect questions the sufficiency of the evidence to support the trial court's findings. As we have already pointed out, our review of the record convinces us that there is substantial evidence to support the court's findings.

Finally, the appellant-husband questions the award of alimony. In his opening brief he does not expressly set forth the basis of his complaint regarding the award of alimony. Apparently this question is based upon his prior questions raised on appeal. In any respect, alimony is a matter that lies within the sound discretion of the trial court. DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966); Babnick v. Babnick, 94 Ariz. 338, 385 P.2d 216 (1963). Neither the appellant nor the record reveals to us exactly where the trial court abused its discretion in awarding alimony to the appellee-wife in the sum of $100 each month. We find none.

The judgment of the trial court is affirmed.

HAIRE and JACOBSON, JJ., concur.