487 P.2d 432

**Maria Luisa Leon HUERTA, Appellant,**

**v.**

**Joseph Lopez HUERTA, Appellee.**

**No. 2 CA–CIV 847.**

Court of Appeals of Arizona, Division 2.

Aug. 2, 1971.

**212**

Russo, Cox & Dickerson, P. C. by J. James Murphy, Tucson, for appellant.

Mesch, Marquez & Rothschild by Tom R. Clark, Tucson, for appellee.

EUBANK, Judge.

This appeal complains that the award of alimony made to the plaintiff by the divorce decree is insufficient and that, consequently, the trial judge abused his discretion in making the award.

Maria Luisa Leon Huerta, hereinafter referred to as the plaintiff, filed an action for divorce in the Superior Court on August 14, 1969. An answer and counter-claim were filed on August 26, 1969 by the defendant Joseph Lopez Huerta. The one-day trial was held before a judge of the Superior Court, sitting without a jury, during which witnesses were called, and evidence presented. Thereafter a judgment was entered on January 30, 1970.

The judgment awarded plaintiff an absolute divorce; her maiden name was restored to her; she was awarded a 1968 Oldsmobile automobile and the defendant was directed to pay the outstanding indebtedness thereon; the defendant was also directed to pay the plaintiff alimony in the sum of $300 per month for twelve months, representing a total of $3,600. In addition, the defendant was directed to pay the plaintiff's attorney's fees incurred in the action in the sum of $500. Further, all of the property in the name of defendant was found to be his sole and separate property, free from any claims or liens of the plaintiff.

On appeal the plaintiff presents a single question to this Court: whether the trial court abused its discretion in not awarding more alimony to the plaintiff than the sum of $300 per month for a period of 12 months.

At the time of their marriage both parties were approximately 40 years old. The defendant was a businessman in Tucson, Arizona. The plaintiff was a resident of Guadalajara, Jalisco, Republic of Mexico, where she had completed two years of medical training at the University. She had also had training and worked as a bookkeeper in Mexico. She was not fluent in the English language and her testimony at the trial was given through an interpreter.

The marriage took place on August 17, 1968, in Guadalajara, Mexico, after which the plaintiff and defendant returned to Tucson to live in the defendant's home. They lived together for less than one year prior to the commencement of this action. During the time they did live together, bickering and incompatibility developed between them. There were no children born to the marriage.

The parties had known each other for approximately eight or nine years prior to the marriage. There was testimony by the defendant that it was agreed by the parties prior to the marriage that it was to be one of companionship between two adult people and that they understood that in the event the marriage did not work out in six months, they would separate as friends. The plaintiff disputed this and testified that she entered into the marriage without the slightest reservation on her part. The defendant also testified that the plaintiff refused to work in his business as the rest of his family was doing.

The plaintiff testified that she would not be able to work as a bookkeeper in the United States without taking a refresher course to familiarize herself with the United States methods and that she would have to be fluent in English to do that type of work. She did not offer evidence of her intention to seek that type of work outside of the fact that she was studying English. The plaintiff now argues that her career in medicine was irreparably severed by the marriage and that she must

look to new avenues of support and employment in the United States. While there is testimony to the effect that her medical studies were interrupted at the time of the marriage, there is no evidence in the record that she could not or would not return to them.

The plaintiff urges that on the basis of the evidence it is clear that the trial court abused its discretion when it awarded her $300 per month for 12 months as alimony. On review this Court must view the evidence and all reasonable inferences to be drawn from the evidence most favorably to upholding the judgment of the trial court. Babnick v. Babnick, 94 Ariz. 338, 385 P.2d 216 (1963).

The question of the award of alimony is left to the sound discretion of the trial court and this Court will not interfere with an alimony award unless it is clearly shown that the trial court has abused its discretion. DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966); Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965).

The plaintiff strongly urges that we follow Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968), where Division Two of this Court reversed the judgment of the trial court holding that the trial judge had abused his discretion in setting alimony in a case where the parties were married for approximately 18 years and the wife had contributed substantially to the material betterment of the community interest. In our opinion Porreca is not at all applicable to the facts of this case. We do agree with the plaintiff, however, that the criteria cited in Porreca [1] is useful in assisting the Court in determining proper alimony in marriages of some duration of time, but such criteria is of very

little assistance in a factual situation such as the one at bar where the parties have only lived together for a short period of time. Additionally, it must be pointed out that after the briefs were filed herein, Division Two substantially modified its first Porreca decision by its opinion in the second case reported as Porreca v. Porreca, 13 Ariz.App. 340, 476 P.2d 684 (1970). There the court admitted that it had gone too far in the first case and said:

> "* * * We believe a trial court should have the discretion, when initially awarding alimony, to give a wife time to reasonably make a transition into a new life. At the same time, the court should be able to say how long an *able-bodied spouse* can receive support and live off the labors of the former spouse. To forbid the trial court to so fix alimony would be to say there must be alimony forever, as long as the wife does not work, or there shall be none at all. We find these alternatives too inflexible." (13 Ariz.App. at 341, 476 P.2d at 685).

It is incumbent upon the plaintiff to show this Court that evidence was presented to the trial court which would not have permitted it to reach the judgment of alimony that it did. In this task the plaintiff has failed.

The fact that the parties were over 40 years old at the time of marriage; that the marriage was of short duration; that they actually lived together as man and wife for only two to three months, according to the plaintiff; that she did not participate in the business in a very active or positive way; that they mutually wanted the divorce; that there were no children, all support the determination of the trial court. Plaintiff has cited

---

1. "* * * in making an award of alimony there are three broad and basic criteria to be considered. First, the financial needs of the wife, measured by the social position into which her marriage placed her. Second, the ability of the wife to produce income sufficient to sustain her in this status, either by her own labors or as a result of income-producing property which she may own. The third criterion is the financial condition of the husband and his ability to make payments for the support and maintenance of his former wife." (8 Ariz.App. at 396, 446 P.2d at 502)

many cases awarding substantial alimony. In those cases, however, the parties were married for substantial periods of time and most of the cases involved children. They simply don't apply to this situation.

The plaintiff having failed to show us that there was a clear abuse of discretion by the trial court, the judgment is affirmed.

JACOBSON and HAIRE, JJ., concur.

NOTE: This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E.