494 P.2d 1344

**Helen M. O'CONNOR, Appellant,**

v.

**Robert J. O'CONNOR, Appellee.**

**No. 1 CA–CIV 1573.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 22, 1972.

Rehearing Denied April 19, 1972.

Review Denied June 13, 1972.

---

Maxwell, Johnson & Smith by Donald Maxwell, Scottsdale, for appellant.

Matz & Jurkowitz by J. Wayne Jurkowitz, Phoenix, for appellee.

HAIRE, Chief Judge.

Appellant-plaintiff, Mrs. O'Connor, has appealed from that portion of the trial court's decree of divorce which reads as follows:

"IT IS FURTHER ORDERED that the parties and each of them are forever barred from receiving alimony one from the other."

Mrs. O'Connor requests that the above-quoted portion of the judgment be reversed and that a new trial be had for the purpose of awarding alimony to her.

The meager record developed in the trial court shows that at the time of the divorce the O'Connors had been married for 35 years, and that Mrs. O'Connor was 53 years old. Some 4 years previously, Mrs. O'Connor had undergone cancer surgery which resulted in the removal of her breasts. At the time of the trial there had been no indication of recurrence of the cancer, but Mrs. O'Connor did testify that as a result of the surgery, she had poor circulation in her left arm and that it went to sleep all the time. She stated that during the early part of her marriage she had worked for about a year as a waitress, but that because of her health she now was unable to work or to get employment. She also testified that she had never learned to drive and was unable to drive. On cross-examination she stated that she had not attempted to find employment, and that she had done some painting around the house and some yardwork because her husband refused to do it. However, no evidence was introduced to show that she was physically able to undertake steady or part-time employment or that suitable employment would be available to her.

The following listed assets were owned by the parties as community property:

1. The family residence. Mrs. O'Connor testified that the residence was worth approximately $12,000 subject to an encumbrance of $329. Mr. O'Connor estimated its value at $19,000. The original purchase price was $8,650.

2. Greyhound Employees' Credit Union investment. This was valued at $13,165.06.

3. 1967 Ford Pick-up. Mr. O'Connor estimated its value at $1500.

4. Gun collection. There was no testimony as to the value of the gun collection.

5. Boat and motor. There was no testimony as to the value of the boat and motor.

Mrs. O'Connor had no source of income other than her husband's earnings and owned no separate property whatsoever. Mr. O'Connor worked as a bus driver and made approximately $13,300 per year. Pending the litigation the trial court awarded Mrs. O'Connor temporary alimony in the sum of $400 per month.

In the final decree the trial court awarded the home to Mrs. O'Connor; divided the credit union investment equally between the parties; and awarded the gun collection, the truck and the boat and motor to Mr. O'Connor.

The initial contention urged by Mr. O'Connor in support of the trial court's refusal to award permanent alimony to Mrs. O'Connor, is that Mrs. O'Connor failed to pray for permanent alimony in her complaint, and that this failure bars her from now complaining that the trial court erred in refusing to award her alimony. We find no evidence that any such contention was urged in the trial court in opposition to plaintiff's quest for a permanent alimony award.

At the trial evidence relating to Mrs. O'Connor's support needs was admitted without any objection. Also, in reviewing

the complaint we note that paragraph VI thereof reads as follows:

"That the Plaintiff is without sufficient funds to maintain this action; that the Defendant is an able-bodied man, capable of earning the sum of $1300.00 per month, *and is* capable of paying Plaintiff's attorney fees and court costs herein incurred in the sum of $500.00, and *capable of paying Plaintiff the sum of $550.00 per month as alimony."* (Emphasis added).

The prayer to the complaint relating to a request for an order to show cause, as well, specifically requested an award of "alimony in the amount of $550.00 per month pending the outcome of this action;" and a general prayer was included "for such other and further relief as to the Court may seem proper". Under these circumstances, and in light of the defendant's failure to object to the admission of testimony relating to the wife's needs for support and maintenance, it is our opinion that the question of alimony was properly before the trial court.

■ We must next consider whether the trial court abused its discretion in refusing to award alimony to Mrs. O'Connor. While the discretion vested in the trial court to determine a wife's need for support and maintenance is broad, it cannot be exercised arbitrarily, but rather must be exercised in accordance with certain legal principles well established in Arizona jurisprudence. These principles are summarized in Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968), as follows:

". . . in making an award of alimony there are three broad and basic criteria to be considered. First, the financial needs of the wife, measured by the social position into which her marriage placed her. Second, the ability of the wife to produce income sufficient to sustain her in this status, either by her own labors or as a result of income-producing property which she may own. The third criterion is the financial condition of the husband and his ability to make payments for the support and maintenance of his former wife." 8 Ariz.App. at 394, 446 P.2d at 502.

*See also* Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963); Norton v. Norton, 101 Ariz. 444, 420 P.2d 578 (1966); DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966).

■ Applying these principles to Mrs. O'Connor's situation, we hold that the trial court abused its discretion. The financial needs of Mrs. O'Connor are self-evident. Her ability to produce income by her own labors for her support appears from the record to be practically non-existent. The property awarded to her by the trial court was not income-producing except for the $6,582.83 interest in the credit union investment. That sum could not be considered as sufficient to provide for Mrs. O'Connor's support for any appreciable period of time. On the other hand, Mr. O'Connor had been employed as a bus driver for a long period of time, earning in excess of $13,000 per year. The divorce was awarded to Mrs. O'Connor and there is no indication or implication in the evidence that the action taken by the trial court resulted from some wrongdoing on her part.

While we could remand this matter for a new trial for the purpose of determining a reasonable amount to be awarded Mrs. O'Connor for her support and maintenance, such procedure undoubtedly would result in additional delay and expense to the parties. We have reviewed the evidence concerning Mrs. O'Connor's need for support and her husband's ability to pay, and based upon that review we find that a reasonable amount to be awarded Mrs. O'Connor for her support and maintenance is the sum of $300 per month commencing on the first day of the month in which the mandate of this Court is issued.

The judgment of the trial court relating to alimony is reversed and the matter remanded for the modification of the judgment in accordance with this opinion.

EUBANK and JACOBSON, JJ., concur.