NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

SILVIA DOMINGUEZ, *Petitioner/Appellee*,

*v.*

CARLOS DOMINGUEZ, *Respondent/Appellant*.

No. 1 CA-CV 13-0601
FILED 10-21-2014

Appeal from the Superior Court in Maricopa County
No. FC2012-093526
The Honorable Bethany G. Hicks, Judge

**AFFIRMED**

COUNSEL

Steadman Law Firm, PLC, Mesa
By Timothy W. Steadman
*Counsel for Petitioner/Appellee*

Law Offices of Jose De La Luz Martinez, PLLC, Phoenix
By Jose De La Luz Martinez
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge John C. Gemmill and Judge Dean M. Fink[1] joined.

---

**W I N T H R O P**, Presiding Judge:

¶1 Carlos Dominguez ("Husband") appeals the family court's award of spousal maintenance to Silvia Dominguez ("Wife") pursuant to the court's dissolution decree. Husband alleges the family court abused its discretion when it awarded Wife $2,000 per month in spousal maintenance because the court allegedly did not consider (1) Husband's reasonable living expenses and (2) the marital property apportioned to Wife. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Wife petitioned for dissolution of her twenty-seven year marriage to Husband on July 13, 2012. At the time the petition was filed, Wife and Husband had one minor child, who lived with Wife. At a temporary orders hearing in February 2013, the court determined Husband's then current monthly income to be $7,447 based on a paystub reflecting his 2012 earnings, which Husband submitted with his Affidavit of Financial Information ("AFI"). The court then awarded Wife $1,300 per month in temporary spousal maintenance. In ordering the temporary award, the court found Wife lacked sufficient property to provide for her reasonable needs and Wife was unable to be self-sufficient through appropriate employment under Arizona Revised Statutes ("A.R.S.") section 25-319(A) (West 2014).[2] Husband was also ordered to pay child support and to reimburse Wife for attorneys' fees.

¶3 In April 2013, Wife filed an emergency motion to enforce the court's temporary orders, alleging Husband was in arrears because he had

---

[1] Pursuant to Article 6, Section 3 of the Arizona Constitution, the Arizona Supreme Court designated the Honorable Dean M. Fink, a Judge of the Maricopa County Superior Court, to sit in this matter.

[2] We cite the current version of the statutes if no revisions material to our decision have occurred since the relevant dates.

failed to pay child support, spousal maintenance, and Wife's attorneys' fees. The court held a hearing on April 26, 2013, addressing Wife's emergency motion, at which Husband provided copies of his paychecks in an effort to prove the proper amounts of spousal maintenance and child support were being garnished from his pay. The court ordered Husband to file an AFI and attach his income tax returns for the previous two years. At a subsequent hearing on May 29, 2013, Husband provided his AFI to both the court and counsel for Wife. The court found Husband in contempt of court for his previous failure to pay child support and spousal maintenance. Husband was incarcerated in the Maricopa County Jail until he paid $5,000 to purge the contempt.

¶4 The dissolution trial was held on July 26, 2013. Wife was represented by counsel and Husband represented himself. Both Husband and Wife testified at the dissolution trial. During his testimony, Husband provided an AFI to the court and Wife's counsel. Husband did not seek to admit his AFI into evidence, and the court did not do so; however, the court did find Husband's AFI was consistent with the court's prior finding from the temporary orders hearing. Husband's AFI estimated his gross monthly salary at $7,000. During trial, Husband acknowledged he had a 401(K) retirement account worth approximately $100,000, which Husband had earned from his employment while married to Wife.

¶5 On August 5, 2013, the court issued a divorce decree, finding Husband's gross income was $87,000 annually. In the decree, the court specifically addressed each prong of A.R.S. § 25-319(A) and found Wife was entitled to spousal maintenance. The court then addressed each prong of A.R.S. § 25-319(B), and awarded Wife $2,000 per month in spousal maintenance for seven years. In addition, the court found Husband capable of paying spousal maintenance in the amount of $2,000 per month for seven years. Husband appeals the court's award of spousal maintenance. We have jurisdiction over his timely appeal pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

I. *Failure to comply with ARCAP 13(a)(6)*

¶6 Before addressing the merits of Husband's arguments, we address both parties' failure to fully comply with the Arizona Rules of Civil Appellate Procedure ("ARCAP"). Rule 13(a)(6) of ARCAP states an argument shall contain citations to the "parts of the record relied on." In his opening brief, Husband makes numerous factual assertions but does not

consistently cite the record to support these assertions.[3] We caution counsel for both parties that the failure to provide proper citation may be treated as waiver of the arguments made. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009) (holding the failure to comply with ARCAP Rule 13 can constitute waiver of that claim). Nonetheless, despite the parties' failure to comply with ARCAP Rule 13(a)(6) and Rule 13(b), we address Husband's claims on the merits. *See Clemens v. Clark*, 101 Ariz. 413, 414, 420 P.2d 284, 285 (1966).

## II. The Merits

**¶7** Husband alleges the court abused its discretion in awarding Wife $2,000 in spousal maintenance for seven years when it failed to consider (1) Husband's reasonable living expenses and (2) the marital property apportioned to Wife. An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision of the [family] court." *Fought v. Fought*, 94 Ariz. 187, 188, 382 P.2d 667, 668 (1963). Absent a clear abuse of discretion, the family court's judgment will not be reversed. *O'Connor v. O'Connor*, 16 Ariz. App. 599, 601, 494 P.2d 1344, 1346 (1972).

> *A. The family court did not fail to consider Husband's reasonable expenses as contained in his AFI when it determined the amount and duration of Wife's spousal maintenance award.*

**¶8** The family court made specific findings under A.R.S. § 25-319(A) and (B) that indicate the court considered the information contained in Husband's AFI in its award of spousal maintenance to Wife. Specifically, the court found Husband's monthly gross income *as listed in his AFI* to be approximately $7,000. Moreover, under A.R.S. § 25-319(B)(9), the court explicitly found Husband had the ability to support himself and contribute to Wife's needs. In addition, the court found Husband capable of paying the amount and duration of the award.

**¶9** Husband asserts his net pay after spousal maintenance is deducted cannot meet his reasonable needs. To support his assertion, Husband refers to the information contained within his AFI and his testimony from the dissolution trial. Husband reiterates his monthly gross

---

[3] Husband occasionally cites to a transcript of the dissolution trial and to the divorce decree. However, he fails to cite to the record as support for many of his other factual assertions.

income as listed on his AFI is approximately $7,000. Both Husband and Wife agree Husband's reasonable monthly expenses enumerated in the AFI total approximately $3,368.[4] During trial, when asked by Wife's counsel if Husband had provided paystubs or his income tax returns with his AFI, Husband answered, "Yes. I provided them in the form. If they're not there, but I think they were just asking for the first two pages of the income tax returns. And I think they didn't ask for any checks. But if it's necessary I can provide them at anytime."

¶10 Husband asserts his answer at trial demonstrates he "clearly disclosed" his most recent income tax returns to the family court. We disagree. Despite his assertion, Husband fails to cite to any other evidence in the record to indicate the court used the aforementioned tax returns in rendering its decision.[5] Wife submitted the only joint tax return of the parties contained in the record. It is the responsibility of the appealing party to ensure the record contains all necessary documents; otherwise, we assume the record supports the family court's findings. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). The limited record Husband has provided this court does not contradict the court's finding that Husband earned $87,000 annually, or approximately $7,000 per month. Moreover, the record does not support Husband's assertion that his reasonable expenses as contained in his AFI were not considered, as the court made relevant findings based on the information contained within his AFI. Accordingly, the court did not abuse its discretion.

> B. *The family court did not abuse its discretion when it awarded Wife the amount and duration of the spousal maintenance and her share of the community property.*

¶11 The family court is not required to apply each factor of A.R.S. § 25-319(B); rather, the court determines the amount and duration of spousal maintenance on a case-by-case basis. *Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 15, 160 P.3d 231, 234 (App. 2007) (internal citation omitted). An abuse of discretion may occur if the family court fails to address a factor "with respect to which the parties presented evidence." *Elliott v. Elliott*, 165 Ariz. 128, 136, 796 P.2d 930, 938 (App. 1990). Husband asserts the family court did not properly weigh his testimony regarding the retirement

---

[4] When calculated by this court, Husband's reasonable monthly expenses differ minimally from the amount asserted by both parties.

[5] Husband failed to submit any financial documents, including income tax returns or paystubs, to substantiate his claim on appeal.

account when the court failed to explicitly address Wife's portion of the retirement account in awarding her spousal maintenance under A.R.S. § 25-319(B)(9). However, in determining Wife's eligibility for spousal maintenance, the court explicitly found "[t]he property distributed is not sufficient to provide for Wife's needs." *See* A.R.S. § 25-319(A)(1). In addition, under A.R.S. § 25-319(B)(9), the court stated, "Husband has the earning ability to support himself and to contribute to Wife's needs."

**¶12**       It is clear from this record the family court did not fail to consider Wife's potential interest in the retirement account when it awarded Wife maintenance for seven years. Husband's assertion that Wife's interest in that account should reduce or eliminate her award is baseless.[6] Because Wife is in her late forties, which is several years away from retirement age, Wife likely cannot access the retirement account without incurring a significant penalty. This court will not compel Wife to supplement her income by prematurely withdrawing funds from the retirement account. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 20, 972 P.2d 676, 681 (App. 1998). Based on the record before this court, the family court did not abuse its discretion in awarding Wife $2,000 in spousal maintenance for seven years.

   III.     *Wife's Request for Attorneys' Fees*

**¶13**       Wife requests attorneys' fees on appeal, arguing Husband's appeal lacks merit and is entirely unreasonable. Wife fails to cite any legal authority to support her request. Further, Wife does not offer current proof of the financial resources of the parties. *See* A.R.S. § 25-324(A). Accordingly, we deny Wife's request for attorneys' fees.

---

[6]       Husband's only testimony regarding the retirement account involved the existence, value, and the establishment of the account during the parties' marriage.

## CONCLUSION

¶14        For the foregoing reasons, we affirm.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : gsh